**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERK'S OFFICE

2004 FEB -5  P 12: 44

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| PETER A. SPALLUTO | ) | |
| and ACCESS WITH SUCCESS, INC., | ) | |
| Plaintiffs | ) | CIVIL ACTION NO.: 04- *04-10249* |
| | ) | |
| v. | ) | |
| | ) | |
| KSA REALTY TRUST, RICHARD L. | ) | |
| FRIEDMAN, JOHN HALL, II, | ) | |
| PETER DIANA, GARY GIANINO, | ) | |
| TRUSTEES, | ) | |
| Defendants | ) | |

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

This is an action seeking injunctive, declaratory and equitable relief pursuant to Title III of the

Americans with Disabilities Act,  42 U.S.C. § 12101, *et seq.*, Article 114 of the Massachusetts

Constitution, and Massachusetts General Laws. chapter 93 § 103. The plaintiffs, PETER A. SPALLUTO

and ACCESS WITH SUCCESS, INC., through their undersigned counsel, bring this cause of action

against the KSA REALTY TRUST, by and through its Trustees, Richard L. Friedman, John Hall, II, Peter

Diana, and Gary Gianino and as causes of action allege as follows:

### PARTIES

1.    The plaintiff, Access with Success, Inc., ("AWS") is a non-profit corporation organized and

existing under the laws of the Commonwealth of Massachusetts. Its members are able-bodied

individuals and qualified individuals with disabilities as defined by the ADA. Its members include

Mr. Peter A. Spalluto. Mr. Spalluto, age 58, is quadriplegic secondary to a swimming pool

accident in 1966. He always uses a wheelchair to ambulate. Mr. Scott M. Frotton, age 40, is a founding member of AWS. Mr. Frotton has been diagnosed as having T7 paraplegia secondary to a construction site accident in 1998. He has a complete loss of sensory and motor function from his chest down. His condition is permanent. He always uses a wheelchair to ambulate. Mr. Francis DeVito is a Korean War veteran and a member of AWS. In 1953, he was injured by a grenade and gunfire in an ambush attack while his Marine unit was on patrol in Korea. His wounds were such that it became medically necessary to amputate his left leg above the kneecap. He requires the use of ambulatory devices for mobility, including a prosthetic leg and a crutch, when necessary, in order to ambulate. Raymond J. Aziz, age 61, is a member of AWS. He has a mobility impairment secondary to adult onset of diabetes. He requires the use of leg braces for ambulation. Norman P. Crescimano, age 41, is a member of AWS. He has multiple sclerosis and always uses a wheelchair for ambulation. Anthony Cuticchia, age 75, is a Korean War veteran and a member of AWS. He has a mobility impairment associated with a combat wound that caused him to have a paralyzed left leg and dropped foot. He wears a leg brace for ambulation. Mr. Frank Salafia, age 66, is a member of AWS. He is hearing impaired and has a loss of vision in one eye. Amylee O'Beirne, age 24, is a founding member of AWS. She has been diagnosed as having rheumatoid arthritis since early childhood. She frequently uses a wheelchair for ambulation. Lisa M. Thompson, age 31, is a member of AWS. She has been diagnosed as having paraplegia secondary to a motor vehicle accident which occurred in 2000. She requires the use of a wheelchair for ambulation. All of the above-named members of AWS are qualified individuals with disabilities within the meaning of the ADA and all other applicable federal and state

2

statutes.

2.    AWS is engaged in seeking compliance with the ADA, educational efforts to correct violations when found, and when necessary and appropriate, litigation to require persons and entities in violation of the ADA to comply with the Act. One of its primary purposes is to assure that places of public accommodation are accessible to, and usable by, all persons, including those persons with disabilities. AWS and its members (who include mobility impaired persons, sight impaired persons and hearing impaired persons) have suffered direct and indirect injury as a result of the defendant's actions or inactions as described herein. AWS also has been discriminated against because of its association with its members and their claims. The defendant's failure to comply with the ADA adversely affects the organizational purpose of AWS.

3.    Mr. Peter A. Spalluto resides at 1620 North Ocean Boulevard, Pompano Beach, Florida. Mr. Spalluto is a qualified individual with disabilities under the ADA and all other applicable federal and state statutes.

4.    The defendant, KSA Realty Trust, is a real estate trust organized and established under the laws of Massachusetts with a business address of c/o Carpenter & Co., Inc., 20 University Road, Cambridge, Massachusetts. The Trustees are, Richard L. Friedman, John Hall, II, Peter Diana, and Gary Gianino.

5.    The defendant, KSA Realty Trust, owns the land upon which The Charles Hotel, 14 University Road, Cambridge, Massachusetts is situated.

6.    The Charles Hotel is a place of public accommodation which is subject to the requirements of Title III of the ADA.

3

7.    The defendant, KSA Realty Trust, is a private entity which owns a public accommodation as defined in Title III of the ADA, 42 U.S.C. § 12181, and is an entity that affects commerce and which owns a public accommodation, as defined in 42 U.S.C. § 12181(7)(E).

8.    This case arises out of the defendants' unlawful practice of denying access to the facilities, goods and services offered at the Charles Hotel to persons with disabilities.

**JURISDICTION**

9.    This Court has primary jurisdiction over this matter pursuant to 28 U.S.C. § § 1331 and 1343 in that this action arises under the laws of the United States and the defendants are subject to personal jurisdiction. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10.    Venue is proper in this Court under 28 U.S.C. § 1391, the claim having arisen in the Massachusetts.

11.    In August 2003, Mr. Spalluto stayed as a guest at The Charles Hotel and was denied access to the facilities, goods and services of The Charles Hotel due to its lack of accessibility and a lack of compliance with the ADA's requirements regarding the removal of architectural barriers to access by persons with disabilities. Mr. Spalluto intends to patronize The Charles Hotel in the future, but continues to be denied full and safe access to the Hotel due to the violations which continue to exist there.

**COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

12.    All events giving rise to this lawsuit occurred in the state of Massachusetts.

13.    On or about July 26, 1990, Congress enacted the ADA, which is codified at 42 U.S.C. §12181

4

and 28 C.F.R. Part 36.

14. The defendant trustees have discriminated against the plaintiffs and continue to discriminate against the plaintiffs by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of The Charles Hotel as prohibited by 42 U.S.C. § 12181 *et seq.* by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv) and by failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible as required by 42 U.S.C. § 12183(a)(2).

15. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. The regulations are codified at 28 C.F.R. Part 36.

16. The Charles Hotel and the businesses, shops and stores therein are places of public accommodation subject to the provisions of Title III of the ADA.

17. Within one year before the filing of this complaint, the plaintiff, Peter A. Spalluto, who uses a wheelchair for mobility, visited The Charles Hotel and intends to return as soon as the architectural barriers to access are removed.

18. Approximately six weeks prior to staying at the Hotel, Mr. Spalluto made reservations by telephone. He requested a room with a roll-in shower to accommodate his wheelchair. He also requested that the room have two double beds to facilitate his transfer between his wheelchair and his bed. He was told by the person taking his reservation that the Hotel room reserved for him would have both features.

5

19. Upon arriving for his stay in August 2003, Mr. Spalluto discovered that his room had no roll-in shower and that in order to gain access to the bathroom in his wheelchair he had to go out of his room and into the hallway. The room lacked an accessible route connecting all accessible spaces and elements within the room as required by ADAAG 9.2.2(2).

20. Further, the plaintiff's room had a single king-size bed, not two double beds as requested and as supposedly reserved for him by the Hotel. Mr. Spalluto's room did not comply with ADAAG 9.2.2 (1) in that there was no clear width maneuvering space of 36 inches along both sides of the king-size bed.

21. Various light switches, temperature controls, dispensers, receptacles and other operable features within Mr. Spalluto's guest room were positioned out of the reach of a person in a wheelchair in violation of ADAAG 4.27 and ADAAG 9.2.2(5).

22. The doors and doorways in Mr. Spalluto's room did not comply with ADAAG 4.13 as required by ADAAG 9.2.2(3).

23. In moving in and out of the Hotel entrances, Mr. Spalluto observed that the doors were designed to open automatically by activating an electrical switch intended for use by persons in wheelchairs, but the switch, in each instance, was positioned in a corner of the entrance way that was out of the reach of a person in a wheelchair, such as Mr. Spalluto.

24. The brick walkways around and through the Hotel were uneven and had potholes making it extremely difficult for Mr. Spalluto to get around in his wheelchair.

25. The walkways to the Hotel from the street were inaccessible to a person in a wheelchair due to an excessive cross slope.

6

26.  The Charles Hotel lacks at least one accessible route complying with ADAAG 4.3 within the boundary of the Hotel property from public transportation stops and/or public streets or sidewalks to an accessible building entrance all as required by ADAAG 4.3.2.

27.  There is no accessible route throughout the Hotel as required by ADAAG 4.3.

28.  There is no accessible path of travel into the restaurants, shops and facilities located within the Hotel as required by ADAAG 4.3.2.

29.  There are curbs and steps surrounding the building entrances at The Charles Hotel which lack curb ramps complying with the requirements set forth in ADAAG 4.7.1 through 4.7.10.

30.  The tables in the dining room known as Henrietta's lacked accessible seating in violation of ADAAG 4.32.3.

31.  The parking facility of The Charles Hotel lacks disabled accessible parking in compliance with ADAAG 4.1.2 and 4.6.

32.  The parking garage of The Charles Hotel lacks van accessible parking as required by ADAAG 4.1.2.(5)(b).

33.  There are no access aisles adjacent to the current disabled parking spaces as required by ADAAG 4.1 and 4.6.6.

34.  The door to the swimming pool in the Hotel was not operable without tight grasping, tight pinching or twisting of the wrist to operate. As such it was not compliant with ADAAG 4.13.9.

35.  There was no lift to enable mobility impaired persons to get in and out of the swimming pool.

36.  There was no lift to enable mobility impaired persons to get in and out of the jacuzzi.

37.  The shower in the swimming pool area had a curb, which made it impossible for a person in a

7

wheelchair, such as Mr. Spalluto, to get in and out.

38.    The defendant trustees have failed to remove barriers to access by persons with mobility disabilities at The Charles Hotel and the businesses, shops and stores therein where such barrier removal is readily achievable.

39.    The defendant trustees have failed to provide necessary auxiliary aids and services at The Charles Hotel and the businesses, shops and stores therein where provision of such auxiliary aids and services would not pose any undue economic or architectural burden.

40.    The defendant trustees have failed to modify policies and procedures at The Charles Hotel and the businesses, shops and stores therein where required to ensure equal access for persons with disabilities.

41.    The defendant trustees have from time to time altered The Charles Hotel and the businesses, shops and stores therein without complying with access requirements mandated by Title III of the ADA.

42.    The defendant trustees have systemically failed to provide accessible routes from the parking lot of The Charles Hotel to the businesses, shops and stores located throughout the plaza.

43.    On information and belief, the plaintiffs allege that there are other violations present at The Charles Hotel and the businesses, shops and stores therein that will be more fully alleged upon discovery and further inspection.

44.    The plaintiff, Peter A. Spalluto, has visited and has encountered various access barriers for persons with mobility disabilities at The Charles Hotel as described above.

45.    The ADA explicitly provides that in order to have standing to seek redress, a plaintiff with a disability need not engage in the futile gesture of attempting to gain access to each and every feature

8

of a facility or place of public accommodation where access barriers are known to exist and where

the owners do not intend to comply with the provisions of the ADA. *42 U.S.C. § 12188(a)(1)*.

46.    The defendant trustees have failed to make efforts required under the ADA to remove such barriers

to the extent readily achievable nor have the defendant trustees complied with accessibility standards

to the maximum extent feasible.

47.    The defendant trustees have also, by maintaining such barriers, failed to comply with ADA and

access requirements for areas of new construction or alteration.

48.    The actions and initiatives which the defendant trustees have failed to undertake in order to make

The Charles Hotel accessible to persons with disabilities are actions and initiatives that would be

readily achievable, required by law, and would greatly assist persons with mobility disabilities at

minimal expense to the defendant trustees.

49.    The defendant trustees' conduct constitutes ongoing and continuous violations of the ADA and,

unless restrained from doing so, the defendant trustees will continue to violate the ADA. Said

conduct, unless enjoined, will continue to inflict injuries for which the plaintiffs have no adequate

remedy at law.

## COUNT II -MASSACHUSETTS CONSTITUTION and G.L. c.93 § 103

50.    The plaintiffs repeat the preceding allegations as if fully set forth here.

51.    Article 114 of the Massachusetts Constitution prohibits discrimination on any level within

Massachusetts.

52.    Implementing Article 114 to the Massachusetts Constitution, G.L. c.93 § 103, the Massachusetts

Equal Rights Law, guarantees person with disabilities the same rights as other persons, such as the

9

right to make contracts, to purchase personal property, to participate in lawsuits and to receive the full benefit and protection of the laws.

53. As described in Count I, The plaintiff, Peter A. Spalluto, has been excluded from full and equal participation in patronizing The Charles Hotel and the businesses, shops and stores therein to the same extent as non-disabled patrons. Based upon the totality of the circumstances, Mr. Spalluto has been denied the benefits afforded to non-disabled patrons. He has been subject to ongoing discrimination by the defendant trustees solely by reason of his disability as prohibited by Article 114 of the Massachusetts Constitution and G.L. c. 93 § 103.

54. The plaintiff has been distressed and inconvenienced by the discriminatory actions of the defendant trustees, including their failure to remove access barriers at The Charles Hotel and the businesses, shops and stores therein and their failure to modify policies and procedures to accommodate disabled customers such as Mr. Spalluto.

55. The plaintiff's constitutional right to be free from discrimination in the Commonwealth of Massachusetts has been and continues to be violated by the defendant trustees and he is therefore entitled to compensatory and exemplary damages for his injuries.

## REQUEST FOR RELIEF

56. The plaintiffs have retained the undersigned counsel to represent them in this case for injunctive relief and for the protection of their civil rights and the Plaintiffs have agreed to pay their counsel reasonable attorneys' fees and the costs and expenses incurred in this action. The plaintiffs are entitled to recover reasonable attorneys' fees, costs and expenses from the defendant trustees pursuant to 42 U.S.C. §12205 and G.L. 93 § 103(d).

Respectfully submitted,

The Plaintiffs,
ACCESS WITH SUCCESS, INC. and
PETER A. SPALLUTO,

By their Attorneys,


Nicholas S. Guerrera, BBO#551475
Shaheen Guerrera & O'Leary LLC
Jefferson Office Park
820A Turnpike Street
North Andover, MA 01845
(978)689-0800

Dated: February 4, 2004

57.   Pursuant to 42 U.S.C. §12188, this Court is authorized to grant the plaintiffs injunctive relief by ordering the defendant trustees to alter the subject facilities by removing architectural barriers to access and use by individuals with mobility disabilities as required by the ADA; the Court is also authorized to close the subject facilities until the defendant trustees complete the required modifications and alterations.

58.   Pursuant to G.L. 93 § 103, this Court is authorized to grant the plaintiffs compensatory and exemplary damages.

**WHEREFORE**, the plaintiffs respectfully pray this Honorable Court:

a.      Assume jurisdiction;

b.      Issue an injunction, as authorized by 42 U.S.C. § 12188(a)(2) and G.L. 93 § 103, enjoining defendant trustees from continuing their unlawful discrimination against persons with disabilities;

c.      Order the defendant trustees to alter the premises known as The Charles Hotel and the businesses, shops and stores therein to the extent required by the Americans with Disabilities Act and Subpart E of 28 C.F.R. Part 36;

d.      Award the plaintiffs appropriate attorneys' fees and costs of this suit as provided by 42 U.S.C. § 12205 and G.L. 93 § 103(d);

e.      Award the plaintiffs compensatory and exemplary damages as provided by G.L. 93 § 103(b); and

f.      Award the plaintiffs such other additional and proper relief as may be just and equitable.


**THE PLAINTIFFS DEMAND A JURY TRIAL ON COUNT II ONLY.**